UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

JESÚS MANUEL GONZALEZ HERNANDEZ,

Plaintiff,

v.

ADVENTURE ONE QSS, INC. d/b/a POLYMARKET.COM; BLOCKRATIZE, INC. d/b/a POLYMARKET; SHAYNE COPLAN; MATTHEW MODABBER SOBHANDOST a/k/a MATTHEW MODABBER; JOHN DOES 1–10; and ABC CORP. 1–10,

Defendants.

--------------------------------------------------------x

Case No. 1:26-cv-8669

**NOTICE OF REMOVAL**

(Removed from Supreme Court of the State of New York, County of New York, Index No. 158971/2026)

Pursuant to 9 U.S.C. §§ 202, 203, and 205 and 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Adventure One QSS Inc. d/b/a Polymarket.com ("Adventure One"), Blockratize Inc. d/b/a Polymarket ("Blockratize"), Shayne Coplan ("Coplan"), and Matthew Modabber Sobhandost a/k/a Matthew Modabber ("Modabber") (collectively, "Defendants"), by and through their undersigned attorneys, hereby remove the above-captioned civil action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. Defendants appear for the purpose of removal only, without waiver of, and expressly reserving, all defenses and objections, and state as follows:

## I. BACKGROUND

### A. The State Court Action

1. On or about July 20, 2026, Plaintiff Jesús Manuel Gonzalez Hernandez ("Plaintiff") commenced an action against Defendants in the Supreme Court of the State of New York, County of New York, captioned *Jesús Manuel Gonzalez Hernandez v. Adventure One QSS, Inc., et al.*, Index No. 158971/2026 (the "State Court Action").

2. The Complaint alleges five causes of action: breach of contract; breach of the implied covenant of good faith and fair dealing; money had and received and unjust enrichment, pleaded in the alternative; deceptive acts and practices under New York General Business Law ("GBL") § 349; and false advertising under GBL § 350. Plaintiff seeks damages of not less than $170,000, together with restitution, statutory and treble damages, injunctive relief, interest, attorneys' fees, and costs.

3. The Complaint's claims arise out of Plaintiff's purchase of positions in an event market on Polymarket.com (the "Site") concerning whether President Trump would say "Ayatollah" or "Khamenei" between March 9, 2026, and March 15, 2026 (the "Trump/Khamenei Market") and Plaintiff's purported damages when the Trump/Khamenei Market resolved against Plaintiff's positions.

4. The Complaint alleges only that Plaintiff is "a natural person." *See* Ex. 1 (Complaint) ¶ 18. It does not allege Plaintiff's citizenship, domicile, or residence.

5. On or about July 22, 2026, Plaintiff effected service on Blockratize by delivery to Corporation Service Company in Wilmington, Delaware. Ex. 2.

6. On or about September 17, 2026, Plaintiff filed an Affirmation of Service in which it claimed that on or about September 10, 2026, Plaintiff effected service on Defendant

Coplan by posting the Summons, Complaint, and Notice of Electronic Filing at an address in New York and mailing the documents to the same address via first-class mail. Ex. 5. As stated, Defendant Coplan and all Defendants expressly reserve all defenses and objections, including, but not limited to, improper service of process.

7. As of the date of this Notice, Plaintiff has not filed an affirmation of service as to Defendants Adventure One and Modabber, and Defendants Adventure One, Coplan, and Modabber have not been served in the State Court Action.

8. On or about August 21, 2026, Defendants served and filed an Answer in the State Court Action, appearing specially and asserting, among other defenses, that Plaintiff's claims are subject to a binding arbitration agreement in the Terms of Use for the Site, that the court lacks personal jurisdiction over certain Defendants, and that service was insufficient. Ex. 3.

9. No trial has been held or scheduled in the State Court Action.

10. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action, together with a copy of the NYSCEF docket sheet, are annexed hereto as Exhibits 1 through 6.

**B. The Arbitration Agreement**

11. Plaintiff's access to and use of the Site were governed by the Site's Terms of Use (the "Terms of Use"). A true and correct copy of the Terms of Use governing Plaintiff's claims is annexed as Exhibit 7.

12. Section 1 of the Terms of Use stated:

> NOTICE: PLEASE REVIEW THE TERMS CAREFULLY. BY ACCESSING, INTERACTING WITH OR USING THE SITE OR ANY OTHER INTERFACE (INCLUDING BY LINKING YOUR WALLET, OR OTHERWISE CREATING AN IDENTIFIER ON THE SITE), ANY INTERFACE OR ANY FEATURE, YOU AGREE THAT YOU ARE ABLE TO ENTER INTO A BINDING AGREEMENT AND, AS SUCH, HAVE READ, UNDERSTOOD, AND

> AGREE TO BE BOUND BY THE TERMS, INCLUDING THE BINDING ARBITRATION AGREEMENT AND CLASS ACTION WAIVER BELOW. IF YOU DO NOT AGREE TO ALL OF THE TERMS, YOU ARE NOT AUTHORIZED TO INTERACT WITH, ACCESS OR USE ANY INTERFACE OR FEATURE.

Ex. 7 at 1.

13. Section 9 of the Terms of Use, captioned "Governing Law, Dispute Resolution and Class Action Waiver" (the "Arbitration Agreement"), contains a written agreement to arbitrate disputes in Panama:

a. Governing Law

> These Terms and any action related thereto will be governed by the Panama Arbitration Law and the laws of Panama, without regard to its conflict of laws provisions. Except as otherwise expressly set forth in Section 14 "Dispute Resolution and Arbitration," the exclusive jurisdiction for all Disputes that you and the Company are not required to arbitrate will be the courts located in Panama, and you and the Company each waive any objection to jurisdiction and venue in such courts. . . .

c. Mandatory Arbitration

> Any dispute, claim or controversy arising out of or relating to the Terms, Interfaces or Features, or the breach, termination, enforcement, interpretation or validity of the Terms, including the determination of the scope or applicability of this agreement to arbitrate, *will be determined by arbitration in Panama before one arbitrator*. This clause will not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction.
>
> You and we agree that the arbitrator shall have exclusive authority to decide all issues relating to the interpretation, applicability, enforceability and scope of this arbitration agreement.
>
> Except as otherwise provided in these Terms, the arbitrator shall determine all issues of liability on the merits of any claim asserted by either party and may award declaratory or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim. To the extent that you or we prevail on a claim and seek public injunctive relief (that is, injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the public), the entitlement to and extent of such relief must be litigated in a civil court of competent jurisdiction and not in arbitration. The parties agree that litigation of

> any issues of public injunctive relief shall be stayed pending the outcome of the merits of any individual claims in arbitration.
>
> YOU UNDERSTAND THAT BY AGREEING TO THE TERMS, THE PARTIES ARE EACH WAIVING THE RIGHT TO TRIAL BY JURY OR TO PARTICIPATE IN A CLASS ACTION OR CLASS ARBITRATION.

Ex. 7 at 13–14 (emphasis added).

## II. REMOVAL IS PROPER UNDER 9 U.S.C. § 205

14. Defendants remove this State Court Action under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), codified in Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201–08.

15. "The adoption of the Convention by the United States promotes the strong federal policy favoring arbitration of disputes, particularly in the international context." *Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 92 (2d Cir. 1999) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 638–40 (1985)).

16. Defendants have a broad removal right under Section 205, which provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement . . . falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205.

17. Accordingly, removal under 9 U.S.C. § 205 is proper where there is (1) an arbitration agreement "falling under" the Convention; and (2) the subject matter of the state action "relates to" the arbitration agreement.

### A. The Arbitration Agreement Falls Under the Convention

18. Under Section 202, "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial . . . falls under

the Convention." 9 U.S.C. § 202. Such an agreement is excluded from falling under the Convention only if it is "entirely between citizens of the United States" *and* that relationship does not "involve[] property located abroad, envisage[] performance or enforcement abroad, or ha[ve] some other reasonable relation with one or more foreign states." *Id.*

19. Accordingly, the Second Circuit instructs that an arbitration agreement falls under the Convention when: (1) there exists a written agreement to arbitrate; (2) the writing provides for arbitration in the territory of a party to the Convention; (3) the subject matter is commercial; and (4) the subject matter is not entirely domestic in scope. *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 146 (2d Cir. 2001).

20. The Arbitration Agreement falls under the Convention.

21. First, the Arbitration Agreement is in writing. It is contained in the Terms of Use for the Site.

22. Second, the Arbitration Agreement provides for arbitration in the territory of a party to the Convention. The Arbitration Agreement compels arbitration in Panama and selects the Panama Arbitration Law and the laws of Panama to govern the parties' relationship. The Republic of Panama acceded to the Convention on October 10, 1984, and is a Contracting State.[1] Both Panama and the United States are signatories to the Convention[2] and the Arbitration Agreement does not contemplate arbitration in a non-signatory state.

---

[1] *See* United Nations Comm'n on Int'l Trade Law, "Status: Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958) (the 'New York Convention')," *available at* https://uncitral.un.org/en/texts/arbitration/conventions/foreign_arbitral_awards/status2.

[2] *Id.*

23. Third, the subject matter to be arbitrated is commercial. Plaintiff's claims arise from a commercial legal relationship, namely, Plaintiff's access to and use of the Site to purchase market positions for consideration.

24. Fourth, the Arbitration Agreement is *not* entirely domestic in scope. The Arbitration Agreement provides that "any action related thereto will be governed by the Panama Arbitration Law and the laws of Panama, without regard to its conflict of laws provisions." Ex. 7 at 13.

25. In any event, the four-part formulation set out above does not displace the statutory text, which also confirms that the Arbitration Agreement falls under the Convention. Section 202 provides that a commercial arbitration agreement falls under the Convention unless it is "entirely between citizens of the United States" and the relationship lacks any "reasonable relation with one or more foreign states." Here, the parties agreed in the Arbitration Agreement that Panamanian law governs their relationship, that the arbitration will occur in Panama before one arbitrator, and designated the Panamanian courts as the exclusive forum for non-arbitrable disputes. The agreement therefore falls under the Convention as a matter of statutory text.[3]

26. Accordingly, the Arbitration Agreement falls under the Convention under 9 U.S.C. § 202, and the State Court Action is an action "falling under the Convention" under 9 U.S.C. § 203.

---

[3] Similarly, the Second Circuit has noted that an arbitration award made in the United States but within the legal framework of a different country is "not considered as domestic" and so falls under the Convention. *Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 932 (2d Cir. 1983) ("We adopt the view that awards 'not considered as domestic' denotes awards which are subject to the Convention not because made abroad, but because made within the legal framework of another country, e.g., pronounced in accordance with foreign law . . . .").

**B. The Subject Matter of the State Court Action "Relates to" the Arbitration Agreement**

27. Further, removal is proper under 9 U.S.C. § 205 as the subject matter of the State Court Action "relates to" the Arbitration Agreement. The Supreme Court recently interpreted the phrase "relating to" in a case involving the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and noted that the phrase "relating to" "sweeps broadly" and means "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Chevron USA Inc. v. Plaquemines Parish*, 608 U.S. 1, 11 (2026) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)). And while the Second Circuit has not yet interpreted the phrase "relates to" in Section 205, the Fifth, Eighth, Ninth, and Eleventh Circuits have interpreted the phrase to find that an arbitration agreement falling under the Convention "relates to" the plaintiff's suit whenever it could "conceivably affect" the outcome of the plaintiff's case. *See Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1323 (11th Cir. 2018), *rev'd on other grounds sub nom. GE Energy Power Conversion Fr. SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 445 (2020); *Reid v. Doe Run Res. Corp.*, 701 F.3d 840, 844 (8th Cir. 2012); *Infuturia Global Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1135 (9th Cir. 2011); *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002). District courts in this district have also interpreted the "relating to" provision in Section 205 similarly broadly. *See, e.g., Truck Ins. Exch. v. Rosen*, 26-cv-1709 (LAK), 2026 U.S. Dist. LEXIS 159502, at *11 (S.D.N.Y. July 17, 2026) ("District courts in this circuit likewise have interpreted the removal provision broadly."); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 863 F. Supp. 2d 351, 355 (S.D.N.Y. 2012) (noting "[t]he handful of relevant decisions in this District have applied, without explicitly adopting, the broad interpretation of § 205 articulated by the Fifth Circuit in *Beiser*" and stating "[u]pon consideration of the plain

language of § 205, as well as the holdings of the Fifth and Ninth Circuit [in *Beiser* and *Infuturia Global*] that § 205 should be interpreted broadly, the Court finds that removal was proper here").

28. The subject matter of this action plainly relates to the Arbitration Agreement. Plaintiff's claims arise from Plaintiff's use of the Site to enter positions in the Trump/Khamenei Market and from purported damages after the Trump/Khamenei Market resolved against Plaintiff's positions. The Terms of Use cover this exact scenario and compel resolution of this dispute under the Arbitration Agreement.

29. Defendants have raised as an affirmative defense in the Answer to the Complaint that the underlying dispute in the Complaint must be resolved under the Arbitration Agreement. Ex. 3 at 22.

30. Section 205 also provides that "the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal." 9 U.S.C. § 205. Defendants have a sufficient basis for removal under Section 205 by raising the Arbitration Agreement in this "petition for removal." *Id.*

31. Section 205 further provides that "[f]or the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed." *Id.* Accordingly, upon removal, this action is deemed to have been brought in this Court for purposes of Chapter 1 of the Federal Arbitration Act, 9 U.S.C. §§ 1–16.

32. For these reasons, the State Court Action "relates to" the Arbitration Agreement and removal is proper under the Convention.

**C. This Court Has Original Jurisdiction**

33. This Court has original jurisdiction under 9 U.S.C. § 203, which provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States," and "[t]he district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." *See also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

34. This Court therefore has original jurisdiction over the State Court Action without regard to either the amount in controversy or the citizenship of the parties.

**III. REMOVAL IS TIMELY**

35. Removal of a pending state court action or proceeding that relates to an arbitration agreement falling under the Convention may be effected "at any time before the trial" of the state court action. 9 U.S.C. § 205. Because no trial has been held or scheduled in the State Court Action, removal is timely.

**IV. VENUE IS PROPER IN THIS DISTRICT**

36. Removal of the State Court Action to this Court is also appropriate under 9 U.S.C. § 205, which provides that the defendants may "remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." The State Court Action is pending in the Supreme Court of the State of New York, County of New York, and this Court is the district court of the United States for the district and division embracing that place. *See id.*; 28 U.S.C. § 112(b).

## V. ALL DEFENDANTS PROPERLY JOINED AND SERVED JOIN IN THIS REMOVAL

37. All Defendants who have been properly joined and served join in and consent to this removal. Section 205 authorizes removal by "the defendant or the defendants." 9 U.S.C. § 205. In any event, all Defendants consent to removal under 9 U.S.C. § 205 without waiving, and expressly reserving, all objections and defenses, including to jurisdiction and service.

38. Further, to the extent that 28 U.S.C. § 1446(b)(2)(A) applies to this removal, all Defendants consent to removal. Under 28 U.S.C. § 1446(b)(2)(A), only defendants who have been properly joined and served are required to join in or consent to removal. As stated above, as of this Notice, only Defendant Blockratize has been served in the State Court Action. In any event, to the extent 28 U.S.C. § 1446(b)(2)(A) applies to this removal, Defendants Adventure One, Coplan, and Modabber consent to removal, without waiving, and expressly reserving, all objections and defenses, including to jurisdiction and service.

## VI. DEFENDANTS HAVE NOT WAIVED ANY RIGHTS

39. Defendants have not waived, and do not waive, their right to arbitrate, their right to remove, or any other right or defense to the State Court Action. In the Answer to the Complaint, Defendants expressly reserved their objections to jurisdiction and service and asserted their right to compel arbitration under the Arbitration Agreement. Defendants have propounded no discovery in the State Court Action, have made no motion addressed to the merits of Plaintiff's claims, and have sought no affirmative relief on the merits from the state court before which the State Court Action is pending.

40. The filing of this Notice of Removal is not, and shall not be construed as, a waiver of any defense, including lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, improper venue, forum non conveniens, the parties' agreement under the

Terms of Use to arbitrate governed by the Panama Arbitration Law and the laws of Panama, or the parties' agreement designating the courts of Panama under the Terms of Use as the exclusive forum for non-arbitrable disputes. All such defenses are expressly reserved.

## VII. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

41. Pursuant to 28 U.S.C. § 1446(d), promptly upon the filing of this Notice of Removal, Defendants will give written notice hereof to all adverse parties and will file a copy of this Notice of Removal in the State Court Action, together with the accompanying exhibits, with the Clerk of the Supreme Court of the State of New York, County of New York, via NYSCEF.

42. A Civil Cover Sheet and corporate disclosure statements pursuant to Federal Rule of Civil Procedure 7.1 are filed herewith.

43. Defendants respectfully direct the Court's attention to the following actions related to the State Court Action, each of which involves the same claims against the same Defendants for purported losses based on substantially similar allegations relating to event markets on the Site that resolved against the respective Plaintiffs' positions:

| **No.** | **Caption** | **New York Supreme Court Index No.** |
|---|---|---|
| 1 | *William Wood v. Adventure One QSS Inc., et al.* | 158389/2026 |
| 2 | *James Shelton v. Adventure One QSS Inc., et al.* | 158997/2026 |
| 3 | *Cody Clarke v. Adventure One QSS Inc., et al.* | 159555/2026 |
| 4 | *Jamie Hyams v. Adventure One QSS Inc., et al.* | 159557/2026 |
| 5 | *Wenbin Shi v. Adventure One QSS Inc., et al.* | 159558/2026 |
| 6 | *Aleksander Granowski v. Adventure One QSS Inc., et al.* | 159931/2026 |
| 7 | *Ryan Rose v. Adventure One QSS Inc., et al.* | 159979/2026 |
| 8 | *Andrew Le v. Adventure One QSS Inc., et al.* | 159980/2026 |
| 9 | *Jiri Chmelar v. Adventure One QSS Inc., et al.* | 160095/2026 |
| 10 | *Jay Tan Jun Kiat v. Adventure One QSS Inc., et al.* | 160135/2026 |
| 11 | *Jesús Manuel Gonzalez Hernandez v. Adventure One QSS Inc., et al.* | 160431/2026 |
| 12 | *Alexander Song v. Adventure One QSS Inc., et al.* | 160526/2026 |
| 13 | *Benjamin Da Cunha v. Adventure One QSS Inc., et al.* | 160637/2026 |
| 14 | *Tim Stein v. Adventure One QSS Inc., et al.* | 160642/2026 |
| 15 | *Timothy Salem v. Adventure One QSS Inc., et al.* | 160650/2026 |

| No. | Caption | New York Supreme Court Index No. |
|---|---|---|
| 16 | *Kam Yuen Yiu v. Adventure One QSS Inc., et al.* | 160653/2026 |
| 17 | *Luis Mejia Garcia v. Adventure One QSS Inc., et al.* | 160656/2026 |
| 18 | *Abdala Omir Dyani v. Adventure One QSS Inc., et al.* | 160690/2026 |
| 19 | *Marcel Junior v. Adventure One QSS Inc., et al.* | 160877/2026 |
| 20 | *William Delaney v. Adventure One QSS Inc., et al.* | 160907/2026 |
| 21 | *Ilan Rosen v. Adventure One QSS Inc., et al.* | 160910/2026 |
| 22 | *Manvir Singh v. Adventure One QSS Inc., et al.* | 161078/2026 |
| 23 | *Tao Du v. Adventure One QSS Inc., et al.* | 161233/2026 |
| 24 | *Yixiao Dong v. Adventure One QSS Inc., et al.* | 654215/2026 |
| 25 | *Ilimdar Abliaiev v. Shayne Ruben Coplan., et al.* | 161916/2026 |
| 26 | *Aditya Agashe v. Shayne Ruben Coplan, et al.* | 162182/2026 |
| 27 | *Niketan Patel v. Shayne Ruben Coplan, et al.* | 162196/2026 |

44. Defendants intend to move promptly for an order compelling arbitration and staying this action pursuant to 9 U.S.C. §§ 3, 4, and 206.

45. Nothing in this Notice constitutes an admission of any fact or of liability, and Defendants deny the material allegations of the Complaint.

46. Defendants reserve the right to amend, supplement, or correct this Notice as permitted by law.

//

//

**WHEREFORE**, Defendants respectfully remove the State Court Action from the Supreme Court of the State of New York, County of New York, to this Court.

Dated: October 1, 2026

Respectfully submitted,

ARMSTRONG & BRADYLYONS PLLC

By: */s/ Drew Bradylyons*

Drew Bradylyons
Armstrong & Bradylyons PLLC
4315 50th Street, NW
Washington, D.C. 20016
Email: Drew@abdclegal.com
Phone: 202-618-8918

*Counsel for Defendants Adventure One QSS, Inc. d/b/a Polymarket.com, Blockratize, Inc. d/b/a Polymarket, Shayne Coplan, and Matthew Modabber*